## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ASH B. BAKRE** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No. 6:19cv298-JDK-KNM** |
| | § | |
| **DEBORAH KENDALL, ET AL.** | § | |
| **Defendants** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Ash B. Bakre, an inmate proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Plaintiff complains he was subjected to deliberate indifference to his serious medical needs, specifically including the denial of a medical mattress known as a "geo mattress." The Magistrate Judge ordered prison officials to furnish a *Martinez* Report, which is an administrative report submitted by state officials as a tool to assist the court in determining whether the claims are frivolous. *Norton v. Dimazana*, 122 F.3d 286, 292- 93 (5th Cir. 1997).  After review of the *Martinez* Report, which included over 350 pages of medical records showing Plaintiff had received a substantial amount of medical care, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as frivolous.

In his objections, Plaintiff asserts that the Magistrate Judge did not state that the physical therapists wrote "continue physical therapy and progress as tolerated" when noting that Plaintiff was able to complete his exercises.  He complains that certain entries in the medical records were omitted in the Magistrate Judge's discussion of these records, including an entry by Dr. Haque stating that Plaintiff had osteoarthritis with radiculopathy.

Plaintiff also complains the Magistrate Judge did not discuss an entry in the medical records in which a physical therapist named Herring, who is not named as a defendant, noted that Plaintiff

continually asks about a medical mattress; however, he concedes that Herring is not responsible for issuing a medical mattress. Plaintiff contends that Dr. Clayton referred him to physical therapist Stephanie Abron for evaluation for a medical mattress, but Abron refused to see him. As the Magistrate Judge observed, the medical records show Plaintiff was denied a medical mattress because he had not had any recent surgeries, not because of deliberate indifference to his medical needs. Plaintiff contends other inmates have received medical mattresses despite never having had neck or back surgery, but he does not make the full nature and extent of these inmates' medical conditions clear.

After discussing the legal standard of deliberate indifference, Plaintiff maintains he is in severe pain and it was TDCJ officials who broke his neck in 1999.  He states if medical mattresses are only to be used in rare situations, he assuredly meets the criteria, and that physical therapist James Bjornson confirmed in his own handwriting that he ordered a wrist brace.

Plaintiff attaches as an exhibit a page from his medical records showing an electromyelography test from June of 2019. This test showed chronic right C6-8 radiculopathy, a fact acknowledged by the Magistrate Judge in the Report (p. 6).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected.  *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. The Magistrate Judge correctly determined, and Plaintiff's objections do not refute, that he is disagreeing with the medical treatment he has received and the decisions concerning his medical care; he has fallen well short of the "extremely high standard" required for a showing of deliberate indifference to serious medical needs. *Domino v. TDCJ-ID*, 239 F.3d 752, 756 (5th Cir. 2001). It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 22) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED** as frivolous with prejudice for purposes of proceeding *in forma pauperis*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **11th**  day of  **September, 2020.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE